IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEC Consulting & Trading, Inc., | ) | C.A. No. 3:05-2295-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER **DENYING** MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| Diversified Foods, Inc., | ) | and **DENYING** MOTIONS TO |
| | ) | AMEND |
| Defendant. | ) | |
| _____ | ) | |

**Introduction**

This dispute arises out of a business relationship between Plaintiff, JEC Consulting & Trading, Inc. ("JEC"), and Defendant, Diversified Foods, Inc. ("Diversified"). The relationship began in 1998 and ended in 2005. It appears to be undisputed that there is no contract or similar written agreement which sets out the terms of the relationship.

On July 12, 2005, JEC brought suit in the Richland County Court of Common Pleas, asserting nine causes of action against Diversified. Diversified removed the case to this court on August 10, 2005, and on October 18, 2005, filed an answer and counterclaims against JEC. Diversified has now moved for summary judgment as to all of JEC's claims, to which JEC has responded in opposition. Diversified has not moved for summary judgment on its counterclaims, but has moved to amend its counterclaims to add a claim for defamation and defamation per se against JEC. JEC opposes this motion.

JEC has also filed a motion to amend its complaint to add Tab Damiens, "CEO of Defendant," M. to Amend at 1 (Dkt. # 79, filed Sept. 20, 2007), individually, to all its causes of action against Diversified. Diversified opposes this motion.

1

For the reasons set forth below, the parties' motions are **denied**, and this matter shall proceed to trial beginning December 3, 2007.

**Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and

determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

**Summary Judgment**

Defendant moves for summary judgment on the issue of whether a joint venture existed between it and JEC.

A joint venture

> exists where there are two or more persons united in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means and the agencies employed to execute such common purpose. Further, in order to constitute a joint enterprise, there must be a common purpose and community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto.

*Peoples Federal Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 425 S.E.2d 764, 774 (S.C.

App. 1992) (citations omitted). "Practically the only difference between a 'joint adventure' and a 'partnership' is that a partnership is ordinarily for the transaction of a general business of a particular kind, while a joint adventure relates to a single transaction." *Few v. Few*, 122 S.E.2d 829, 834 (S.C. 1961).

Questions of material fact exist as to whether a joint venture existed between JEC and Diversified, and the court therefore **denies** Diversified's motion for summary judgment. *See Gordon v. Rothberg*, 50 S.E.2d 202, 207 (S.C. 1948) ("When *but one* reasonable inference can be deduced from the evidence, the question becomes one of law for the Court.") (emphasis added).

**Motions to Amend**

Disposition of a motion to amend is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he district court may deny leave to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

The parties may believe that the deadline for amendment of pleadings was no longer in effect because the discovery deadline was extended when the case was reopened. However, not only did the parties not move to reopen the time for the amendment of pleadings when the case was reopened, but also the proposed amendments are based on information obtained through discovery conducted *prior to* the breakdown of the settlement of this matter. Further, both parties waited until the last day to file dispositive motions in this matter to move to amend their pleadings, some three months after the case was reopened. While delay in bringing a motion to amend is not, in itself, sufficient

4

reason for this court to deny the motions, it is apparent to the court that the parties have been dilatory in bringing their motions on the last possible day for filing motions. Amendments such as those now sought, six weeks prior to trial, would interfere with the orderly progression of this case on the schedule set by this court. Therefore, the motions to amend are **denied**.

### Conclusion

Defendant Diversified's motion for summary judgment is **denied**. Both JEC and Diversified's motions to amend are also **denied**. This matter shall proceed to trial before a jury beginning December 3, 2007.

**IT IS SO ORDERED.**

> s/ Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\05-2295 JEC v. Diversified e denying summary judgment.wpd